UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ANTONIO ROSALES HERNANDEZ,

            Petitioner,

      v.

UNITED STATES OF AMERICA,

            Respondent.

Case No. 4:16-CV-00227-EJL
         4:13-CR-00082-EJL

**MEMORANDUM DECISION
AND ORDER**

## INTRODUCTION

Pending before the Court in the above-entitled matter is Petitioner's § 2255 Motion to vacate, set aside, or correct sentence. (CV Dkt. 1) (CR Dkt. 28.) The Government filed a response. (CV Dkt. 5). Petitioner failed to file a reply. The matter is ripe for the Court's consideration.

## FACTUAL AND PROCEDURAL BACKGROUND

The Indictment in this case charged the Petitioner Antonio Rosales Hernandez with Deported Alien Found in the United States. Hernandez entered a plea of agreement and pled guilty to the charge. The Plea Agreement provided Hernandez could receive a departure under the Fast Track program if his criminal history was not too high and did not include a prior crime of violence or a prior controlled substances offense. It is undisputed Hernandez had a criminal history of V and convictions for assault as well as one controlled substances conviction.

MEMORANDUM DECISION AND ORDER - 1

On November 26, 2013, Hernandez was sentenced by the Court. The Court granted Hernandez's two level departure based on cultural assimilation and sentenced him at the low end of the applicable Sentencing Guideline range to 57 months imprisonment with no supervised release based on Defendant's likelihood of being deported after completing his term of imprisonment. The Presentence Investigation Report (which Hernandez should be able to review via his Bureau of Prisons case manager) indicates in ¶ 17 that Hernandez received a 16 point specific offense characteristic enhancement under § 2L1.2(b)(1)(A)(ii) based upon "the felony crime of violence offense Assault By State Prisoner, CR2001-1193061." Petitioner did not file an appeal.

Due to this crime of violence enhancement, Petitioner argues based on the Supreme Court ruling in *Johnson v. United States*, 135 S.Ct. 2251 (2015) that by analogy his crime of violence under the Sentencing Guidelines should also be determined to be unconstitutional based on the similar residual clause defining a crime of violence contained in § 4B1.2. Petitioner also argues his illegal reentry conviction is not a crime of violence and prior deportations should not be used as aggravated felonies to increase his sentence.

The Government responds that the motion is untimely and barred by the waiver of the right to file a habeas petition contained in the Plea Agreement. In addition, the Government argues it has not been determined whether the *Johnson* reasoning applies to the Guidelines, but the Court need not reach that issue since there is another way for the Court to lawfully enhance the Petitioner's Guidelines calculation by using his prior

MEMORANDUM DECISION AND ORDER - 2

controlled substances conviction. Therefore the sentence would be the same. Moreover, the Government argues there was no enhancement for prior deportations and prior deportations were not considered aggravated felonies by the Court.

## STANDARD OF REVIEW

Section 2255 permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

§ 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (articulating the four grounds upon which § 2255 relief can be claimed).

There is a distinction between constitutional and jurisdictional errors and errors of law or fact. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982). If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Hill*, 368 U.S. at 428). Section 2255 is not a substitute for appeal. *Id.* at 184. If the matter has been decided adversely to the defendant on direct appeal, the matter cannot be relitigated on collateral attack. *Clayton v. United*

MEMORANDUM DECISION AND ORDER - 3

*States*, 447 F.2d 476, 477 (9th Cir. 1971); *Feldman v. Henman*, 815 F.2d 1318 (9th Cir. 1987).

## ANALYSIS

The § 2255 Motion in this case raises claims of ineffective assistance of counsel by both counsel in failing to raise certain arguments and the application of a new rule of law under *Johnson*. The Government asserts the § 2255 Motion should be denied without a hearing.

**1.      Dismissal of the Petition without a Hearing**

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255(b)). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2010).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id.* at 1062–63 (citation omitted). That is to say, the court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d

MEMORANDUM DECISION AND ORDER - 4

1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). Where it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *McMullen*, 98 F.3d at 1159 (citation omitted). Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

Because it is clear the § 2255 Motion in this case fails to state a claim and has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," this Court denies the § 2255 Motion without an evidentiary hearing for the reasons stated herein. *Quan*, 789 F.2d at 715.

**2. Waiver and Timeliness**

The *Johnson* decision was held to be retroactive to § 2255 motions in *Welch v. United States*, 136 S. Ct. 1257 (2016). If *Johnson* is held to also apply to the Sentencing Guidelines when the Supreme Court takes up the case *Beckles v. United States*, F. App'x 415 (11th Cir. 2015), *cert. granted*, 2015 WL 1029080 (US. June 27, 2016) (No. 15-8544), then the waiver in the Plea Agreement would not control as a waiver will not apply to a sentence that violates the law. *United States v. Bibler*, 495 F.3d 621, 624 (9th

MEMORANDUM DECISION AND ORDER - 5

Cir. 2007).    Moreover, the one-year statute of limitations exception of 28 U.S.C. § 2255(f)(3) would apply to make Petitioner's June 6, 2016 § 2255 motion timely filed.

Based on the rule of lenity and because the Court finds the motion should be denied on its merits due to Petitioner's prior controlled substances conviction which is not impacted by the *Johnson* decision, the Court will deny the Government's waiver and timeliness arguments in this particular case.

### 3. *Johnson* Analysis

The Court agrees with Petitioner that there is an argument to be made that the *Johnson* analysis should extended to similar language in the Guidelines. However, the Court will leave that to the Supreme Court to do when it rules on the pending appeal in *Beckles*. The problem in this particular case for Petitioner is even if *Johnson* is extended to the residual clause language in § 4B1.2(a)(2) defining crime of violence (as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another") and *neither* of his two assault convictions can be considered as crimes of violence under the "force" clause of § 4B1.2(a)(1) (crime "has as an element the use, attempted use, or threatened use of physical force against the person of another"), Petitioner would *still* receive the same 16 point enhancement for his prior conviction of a controlled substance. This is because § 2L1.2 (which was cited in ¶ 17 of the Presentence Investigation Report) requires a 16 point enhancement if the defendant was previously deported after a conviction that is a drug trafficking offense for which a sentence imposed exceeded 13 months **OR** a "crime of violence" or any of the other listed crimes.

MEMORANDUM DECISION AND ORDER - 6

It is undisputed in ¶ 35 of the Presentence Investigation Report, Petitioner was convicted of delivery of a controlled substance – marijuana in the Seventh Judicial District Court, Idaho Falls, ID, Case No. CR2010-16739-FE and was sentenced on May 2, 2013 to up to 5 years  imprisonment with one year fixed. Therefore, even if the Court did not use the assault convictions as crimes of violence, the sentence imposed would have been the exact same sentence based on the prior drug conviction and the Court's application of § 2L1.2(b)(1)(A)(i) instead of (ii) of the Guidelines. The fact the Presentence Investigation Report only sets forth one basis for the enhancement instead of potentially three (two prior assault convictions and one prior drug conviction) is not determinative since the Court must apply the facts of record to any sentencing.

Finally, it was Defendant's criminal history points and his prior drug conviction that also support the inapplicability of  the Fast Track departure in this case.

## 4. Ineffective Assistance of Counsel

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that 1) counsel's actions were "outside the wide range of professionally competent assistance," and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir.

MEMORANDUM DECISION AND ORDER - 7

1989). Petitioner fails to state a claim for ineffective assistance by failing to allege facts sufficient to meet either the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim. Stated differently, "[t]o be entitled to habeas relief due to the ineffectiveness of defense counsel, petitioner must establish both that counsel's performance was deficient and that the deficiencies prejudiced the defense." *Medina v. Barnes*, 71 F.3d 636, 368 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687, 689). The Court evaluates "counsel's performance from [their] perspective at the time of that performance, considered in light of all the circumstances, and we indulge a strong presumption that counsel's conduct fell within the 'wide range of reasonable professional assistance.'" *Medina*, 71 F.3d at 368.

Here Petitioner claims his attorney should have made the above arguments that his assault convictions were not crimes of violence. At the time of his sentencing, the assault crimes were considered crimes of violence under Ninth Circuit law. Additionally, counsel was undoubtedly aware that a prior drug conviction could also cause the 16 point enhancement. So there was no prejudice to Petitioner in the form of a longer sentence for counsel's alleged ineffective assistance of counsel claim. Even assuming Petitioner could satisfy the "performance" prong with his conclusory allegations, Petitioner cannot satisfy the "prejudice" prong and the claim for ineffective assistance of counsel must be denied.

**5.     Illegal Reentries Did Not Affect Guidelines**

Petitioner also argues his conviction for illegal re-entry is not a crime of violence and his prior deportations should not be counted against him as aggravated felonies.

MEMORANDUM DECISION AND ORDER - 8

Neither of these things increased Petitioner's sentence. The Court agrees Petitioner's crime of deported alien found in the United States was not a crime of violence. It is not Petitioner's federal conviction for deported alien found in the United States or his prior deportations that enhanced his sentence, it was his prior convictions for assault or his controlled substances conviction that caused the enhancement to apply. Therefore, this cannot serve as a basis to set aside or correct Petitioner's sentence or as a basis for an ineffective assistance of counsel claim.

### 6. Conclusion

Having reviewed the entire record in this matter and considering the Petitioner's claims, the Court finds that the Petitioner has not shown the 16 point enhancement under § 2L1.2 of the Guidelines was improper based on Petitioner's prior drug conviction, he has not shown prejudice, or any reasonable probability of prejudice, resulting from any of his claims. The Court did not abuse its discretion at sentencing and the sentence was at the low end of the applicable Guidelines range. Simply put, there was no legal error in the sentence imposed in this case regardless of the Supreme Court's future ruling in *Beckles* (determining if the residual clause of the Guidelines is unconstitutional). The § 2255 Motion is denied.

### 5.      Certificate of Appealability

A Petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.

MEMORANDUM DECISION AND ORDER - 9

App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a Petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the Court has denied a § 2255 motion or claims within the motion on the merits, a Petitioner must show that reasonable jurists would find the Court's decision on the merits to be debatable or wrong. *Id.* The Court finds that Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

## ORDER

**IT IS ORDERED**:

1)   Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1) (CR Dkt. 28) is **DENIED** and the civil case is **DISMISSED IN ITS ENTIRETY**.

MEMORANDUM DECISION AND ORDER - 10

2)      Certificate of Appealability is **DENIED**.

DATED: November 1, 2016

Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 11